# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **GERARD CUMMINGS** | * | Case No. 3:20CV160 |
| **Individually, and as Father** | | |
| **of Mattie Cummings, a minor** | * | **JUDGE** |
| **240 Marlay Road** | | |
| **Dayton, OH   45405** | * | |
| | | **COMPLAINT WITH JURY DEMAND** |
| **Plaintiff,** | * | |
| | | |
| -vs- | * | |
| | * | |
| **JEWELL GOOD** | | |
| **DIRECTOR** | * | |
| **MONTGOMERY COUNTY** | | |
| **CHILDREN SERVICES** | * | |
| **3304 N. Main Street** | | |
| **Dayton, OH 45402** | * | |
| | | |
| **And** | * | |
| | | |
| **JANE DOE** | * | |
| **UNKNOWN MANAGER** | | |
| **MONTGOMERY COUNTY** | * | |
| **CHILDREN SERVICES** | | |
| **3304 N. Main Street** | * | |
| **Dayton, OH 45402** | | |
| | * | |
| and | | |
| | * | |
| **MICHELLE RIVAS** | | |
| **SUPERVISOR** | * | |
| **MONTGOMERY COUNTY** | | |
| **CHILDREN SERVICES** | * | |
| **3304 N. Main Street** | | |
| **Dayton, OH 45402** | * | |

| | |
|---|---|
| and | * |
| | |
| **KELSEY RIDGWAY** | * |
| **CASE WORKER** | |
| **MONTGOMERY COUNTY** | * |
| **CHILDREN SERVICES** | |
| 3304 N. Main Street | * |
| Dayton, OH 45402 | |
| | * |
| **Defendants.** | |

Now comes Plaintiff Gerard Cummings, by and through Counsel, and for his complaint against Defendants, jointly and severally, states as follows:

## I. INTRODUCTION

1. This Complaint arises out of the unlawful and discriminatory actions of Montgomery County Children Services in separating Mr. Gerard Cummings from his daughter and grandson for allegations of dependency and abuse. Among other prejudicial acts, Mr. Cummings was denied his parental rights, denied the opportunity to continue caring for his grandson, had visitation with his daughter and grandson limited, had visitation with his daughter and grandson restricted, denied visitation with his daughter and grandson, and denied input into the decisions made for his then minor daughter. These discriminatory actions were motivated, in part, by Mr. Cummings being an adoptive father.

## II. JURISDICTION AND VENUE

2. This complaint is brought pursuant to both Federal and Ohio laws.

3. This Court has jurisdiction over Plaintiff's federal claims under 42 U.S.C. §1983.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1391.

2

6. This Court has supplemental Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue in this Court is appropriate because the actions giving rise to these allegations occurred within the Southern District of Ohio and the principal place of Defendant's agency is located within the Southern District of Ohio.

### III. PARTIES

8. At all times relevant, Plaintiff Gerard Cummings was a resident of the City of Dayton, County of Montgomery, and State of Ohio.

9. Plaintiff is the father of Mattie Cummings, born April 24, 2000.

10. Plaintiff is the paternal grandfather of Malachi Cummings, born April 18, 2015.

11. At all times relevant until May 19, 2017, Plaintiff had custody of his daughter and was responsible for her care, custody, and control including her education and medical needs.

12. At all times relevant until May 19, 2017, Plaintiff was the primary caregiving for his grandson Malachi Cummings and successfully met all his needs.

13. At all times relevant, Defendant Montgomery County Department of Job and Family Services was an agency located in Montgomery County, Ohio.

14. At all times relevant, Defendant Tom Kelley then Defendant Michelle Neidermeier were the Directors of Montgomery County Department of Job and Family Services and responsible for the agency including oversight of Montgomery County Children Services and its Director and employees.

15. At all times relevant, Defendant Jewell Good was the Director of Montgomery County Children Services and responsible for the agency including oversight of its management and employees,

16. At all times relevant, Defendant Jane Doe was a Manager for Montgomery County Children Services and responsible for the actions of agency employees including Defendant Michelle Rivas and Defendant Kelsey Ridgway.

17. At all times relevant, Defendant Michelle Rivas was a Supervisor for Montgomery County Children Services and responsible for the actions of agency employees including Defendant Kelsey Ridgway.

18. At all times relevant, Defendant Kelsey Ridgway was a Case Worker for Montgomery County Children Services located in Montgomery County, Ohio and assigned to oversee the case involving Plaintiff.

## V.  STATEMENT OF FACTS

19. Mattie Cummings was experiencing significant mental health challenges in 2017.

20. Mattie disclosed during her treatment that she was sexually abused four years previously.

21. Plaintiff provided appropriate mental and physical care for Mattie by having her treated by several doctors and counselors.

22. There were no allegations of wrongdoing by Plaintiff, but the physicians and counselors were required to report the allegations against others.

23. Plaintiff coordinated with health care providers and followed the course of treatment advised for Mattie.

24. Defendant MCCS sought an interview with Mattie regarding the four year old allegation she made during treatment.

25. Plaintiff asked Mattie whether she wanted to provide an interview and she did not.

Case: 3:20-cv-00160-DRC Doc #: 1 Filed: 04/23/20 Page: 5 of 9  PAGEID #: 5

26. Plaintiff sought the advice of Mattie's counselors on whether he should require her to participate in the interview.

27. Plaintiff followed the advice of Mattie's counselor and Mattie's wishes when he declined to allow Mattie to be interviewed while she was in treatment.

28. On or about May 19, 2017, Montgomery County Children Services (hereinafter "MCCS") appeared at the school of Mattie Cummings and took her into agency custody. The removal of Mattie Cummings, and the disruption of the family, was completed without legal justification and in violation of MCCS stated guidelines and rules.

29. On or about May 19, 2017, MCCS appeared at the school of Mattie Cummings and took Malachi Cummings into agency custody. The removal of Malachi Cummings, and the disruption of the family, was completed without legal justification and in violation of MCCS stated guidelines and rules.

30. MCCS took temporary custody of both Mattie and Malachi from May 19, 2017, and both were subsequently placed in foster care under the control of MCCS.

31. Before and after May 19, 2017, Defendant Ridgway attempted to pressure Mattie to provide a forensic interview that she did not wish to participate in. Such actions included falsification of information in affidavits and MCCS records in order to create the impression that Mattie was in danger at Plaintiff's home. Defendant Rivas was aware of Defendant Ridgway's fraudulent conduct but took no action to stop it.

32. Plaintiff made Defendant MCCS management, including Defendant Rivas, aware of the inappropriate actions by Defendant Ridgway, but none of the Defendants took actions to address the misconduct or to require Defendant Ridgway to follow MCCS stated policies and protocols.

5

33. Plaintiff was to be provided reasonable visits with his daughter and grandson by order of the Juvenile Court.

34. Defendant Ridgway and Defendant Rivas took actions to require that Plaintiff's visitation be supervised when there was no such order from the Juvenile Court.

35. Defendant MCCS place Mattie in a foster home that was located in a city approximately an hour away from her home in another county of the state to frustrate visitation.

36. Defendant Ridgway changed the days and location of visits in a manner that conflicted with Plaintiff's work scheduled and rendered visitation impossible.

37. Defendant Ridgway refused to make the necessary changes to allow for visitation by Plaintiff with his daughter and grandson.

38. Plaintiff made the Defendants aware of his ability to provide a safe home for his daughter and grandson, but the agency refused to reunite the family despite that being their stated goal.

39. There was no valid basis for the initial removal and there was no valid basis for the continued removal of the children from Plaintiff's home

40. At all times relevant, Defendant Montgomery County Department of Job and Family Services was responsible for managing Montgomery County Children Services ("MCCS") and knew about the acts undertaken by the agency, and its agents including Defendants, pursuant to agency custom and unwritten policy known to, approved by, or ratified by the agency and its supervisors.

41. At all times relevant, Defendant Tom Kelley then Defendant Michelle Niedermier were responsible for managing Montgomery County Department of Job and Family Services with oversight over Montgomery County Children Services ("MCCS") and knew about the acts

undertaken by the agency, and its agents including Defendants, pursuant to agency custom and unwritten policy known to, approved by, or ratified by the agency and its supervisors.

42. At all times relevant, Defendant Jewell Good was responsible for managing Montgomery County Children Services ("MCCS") and knew about the acts undertaken by the agency, and its agents including Defendants, pursuant to agency custom and unwritten policy known to, approved by, or ratified by the agency and its supervisors.

43. At all times relevant, Defendant Jane Doe was responsible for managing Montgomery County Children Services ("MCCS") Supervisor Michelle Rivas and knew about the acts undertaken by her and her subordinates, including Defendants Ridgway, pursuant to agency custom and unwritten policy known to, approved by, or ratified by the agency and its supervisors.

44. At all times relevant, Defendant Michelle Rivos was responsible for supervising Montgomery County Children Services ("MCCS") Case Worker Kelsey Ridgway and knew about the acts undertaken by her, pursuant to agency custom and unwritten policy known to, approved by, or ratified by the agency and its supervisors.

45. As a result of the actions taken by all Defendants, Plaintiff suffered harm and loss.

## VI. CAUSES OF ACTION

### COUNT I
### DEPRIVATION OF DUE PROCESS
### PURSUANT TO 42 U.S.C. §1983

46. Each of the foregoing paragraphs, 1 through 45, above is incorporated herein as if fully rewritten.

47. This claim is brought pursuant to 42 U.S.C. 1983 to vindicate rights guaranteed to Plaintiff under the First Amendment of the Constitution of the United States and the penumbra of

familial rights recognized by the Supreme Court of the United States through the Fourteenth Amendment to the Constitution of the United States.

48. The Defendants were acting at all times under color of State law.

49. The actions of Defendants in separating the family, in influencing the daughter, and in refusing to close the case and return custody, following the investigative interview, and continuing to separate the family, was intended to deprive Plaintiff of his right to educate and guide the upbringing of his daughter and thus violated Plaintiff's right to due process.

50. As a direct and proximate result, Plaintiff has suffered economic and non-economic losses, including, but not limited to, severe emotional distress, loss of self-esteem, loss of reputation, all of which injuries will continue into the future.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Each of the foregoing paragraphs, 1 through 50, above is incorporated herein as if fully rewritten.

52. Defendants, in acting against Plaintiff, were acting maliciously, willfully, and wantonly by removing his daughter and grandson, continuing their removal, and refusing to return them. Their motivation was to punish Plaintiff for having opposed their unjustified removal of his daughter on May 19, 2017.

53. As a direct and proximate result of the intentional acts by Defendants, Plaintiff suffered serious emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount exceeding fifty thousand dollars together with pre-judgment and post judgment interest,

compensatory damages, punitive damages, reasonable attorney fees, the cost of this action, and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Julius L. Carter
Julius L. Carter (#0084170)
Julius L. Carter Co., LPA
130 W. Second Street Suite 1622
Dayton, OH 45402
(937) 222-7900
(937) 222-7910 Fax
jcarter@juliuscarter.com
*Trial Attorney for Plaintiff*

## JURY DEMAND

Now comes the Plaintiff and hereby demands a trial by Jury of all issues so triable.

Respectfully submitted,

/s/ Julius L. Carter
Julius L. Carter (#0084170)
Julius L. Carter Co., LPA
130 W. Second Street Suite 1622
Dayton, OH 45402
(937) 222-7900
(937) 222-7910 Fax
jcarter@juliuscarter.com
*Trial Attorney for Plaintiff*