UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GERARD CUMMINGS,
*Individually and as Father
on behalf of Mattie Cummings*,

    Plaintiff,

vs.

KELSEY RIDGWAY, *et al.*,

    Defendants.

Case No. 3:20-cv-160

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 18) AND (2) GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT**

---

This case is before the Court on Defendants' motion for judgment on the pleadings. Doc. No. 18. Plaintiff file an opposition memorandum (Doc. No. 23) and Defendants replied (Doc. No. 24). Defendants' motion is now ripe for review.

**I.**

Rule 12(c), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir.

2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 582–83 (quotation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential [non-conclusory] allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of and in opposition to Defendants' motion, along with the procedural posture of this case, the Court believes the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of the litigation. Proceeding in this manner will ensure the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *See, e.g., Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015); *Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 n.6 (6th Cir. 2011). To that end, Plaintiff's motion for leave to file a second amended complaint is **GRANTED**. Fed. R. Civ. P. 15(a)(2).

**III.**

Accordingly, Defendants' motion for judgment on the pleadings is **DENIED WITHOUT PREJUDICE** and Plaintiff is **GRANTED** leave to file a second amended complaint. The Court anticipates reviewing Defendants' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

Date: August 20, 2021  s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge